UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **STACI SCONIERS,** | Civ. No. 2:17-1835 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **UNITED STATES POSTAL SERVICE,** *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff sued, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, the United States Postal Service ("USPS"), its employee (collectively, the "Federal Defendants"), and two fictitious insurance companies for injuries sustained in a motor vehicle accident with a USPS vehicle driven by a USPS employee. This matter now comes before the Court upon the United States' motion for summary judgment and to substitute itself as the sole Federal Defendant—dismissing USPS and its employee as parties. The matter was taken on submission without oral argument. FED. R. CIV. P. 78(b). For the reasons stated below, both motions are **GRANTED**.

I.  BACKGROUND

Since Plaintiff, who claimed an insufficient basis to admit or deny the statements contained in paragraphs 1 and 4 within the Federal Defendants' statement of material facts, failed to respond to those factual assertions, those facts, along with the admitted facts in paragraphs 2, 3, and 5, are now deemed admitted.[1] Following a motor vehicle accident with a USPS truck driven by a USPS employee, Plaintiff, through counsel, on January 19, 2016, submitted a mandatory administrative claim form to the USPS. By certified mail dated July 14, 2016, the USPS denied her claim. The denial letter specifically advised Plaintiff that, if she disagreed with its determination, she must file

---

[1] Contrary to Local Rule 56.1, the non-movant Plaintiff failed to provide a separate statement of material facts document and, in her opposition motion, failed to admit or deny paragraphs 1 and 4 in Federal Defendants' Statement of Material Facts Not in Dispute. So the Court will also adopt the facts in those two paragraphs as Federal Defendants' statement of material facts. ECF No. 12-1 (SMF). *See Taylor v. Harrisburg Area Cmty. Coll.*, 579 F. App'x 90, 93 (3d Cir. 2014) (per curiam) (finding district court did not err in deeming statement of facts unopposed where *pro se* Plaintiff failed to respond to summary judgment motion); *U.S. ex rel. Paranich v. Sorgnard,* 396 F.3d 326, 330 n.5 (3d Cir. 2005) (condoning district court's adoption of movant's statement of material facts when non-movant failed to comply with Local Rule 56.1).

1

suit within six months from the mailing date of the July 14th letter. Plaintiff, however, filed suit on March 20, 2017, more than two months past the six-month statute of limitations.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## III. DISCUSSION

The Court will first address the motion for substitution of parties and then turn to timeliness under the FTCA and whether the facts here support equitable tolling.

### A. Motion to Substitute the United States as the Proper Defendant

Under statute and by regulation, the Civil Division Chief Assistant United States Attorney certified the individual USPS employee, during the alleged complained-of negligence, was acting within the scope of employment. That determination immunizes the USPS employee from suit, as the FTCA operates as the *exclusive remedy* for this motor vehicle negligence claim. *See* 28 U.S.C. § 2679(a) (emphasis added).[2] Thus, with the certification and in a lawsuit for personal injury arising from a federal employee's tortious conduct, the United States is substituted as the only proper Federal Defendant in place of both the USPS and its employee. *See id.* §§ 2679(d)(2), 1346(b)(1); 39 U.S.C. § 409(c) (stating FTCA applies to tort actions arising from Postal Service activities).[3] And because the Court lacks subject matter jurisdiction over this liability claim against the allegedly insured parties, the Court cannot adjudge liability as to the fictitiously named insurers. Thus, Plaintiff's claims against Alpha and Delta Insurance Companies will be dismissed as well.

### B. FTCA Claim – Statute of Limitations

Although the FTCA waives sovereign immunity for personal injury claims, an FTCA-based suit must meet two limitations periods: (1) a claim must be submitted to the appropriate federal agency within two years from the accrual date and (2) if denied through the agency's administrative claim process, a party has six months to file suit. 28 U.S.C. § 2401(b) (stating an action must start "within six months after the *date of*

---

[2] Plaintiff's arguments to apply state law to the negligence claim is off base because the FTCA is the sole avenue of adjudication.
[3] Although allowed in *Bivens* actions, here, the FTCA prohibits Plaintiff's jury trial demand. 28 U.S.C. § 2402; *see Carlson v. Green*, 446 U.S. 14, 22 (1980).

*mailing*" of the agency's final decision) (emphasis added). A failure to comply with these limitations may "forever bar[]" the claim. *Id.* These two limitation periods, however, are non-jurisdictional, meaning a court may equitably toll an FTCA claim. *United States v. Kwai Fun Wong*, S. Ct. 1625, 1633 (2015). In *Kwai Fun Wong*, the Court discussed the circumstances that justified equitable tolling, stating plaintiff Kwai Fun Wong exercised due diligence in pursuing her tort claim. *Id.* at 1629-30, 1638. The Third Circuit has described three instances to warrant equitable tolling: (1) if the defendant "actively misled the plaintiff" as to her claim; (2) if "the plaintiff in some extraordinary way" was prohibited in declaring her rights; or (3) if the plaintiff "timely asserted . . . her rights mistakenly in the wrong forum." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (citations omitted) (finding equitable tolling applies to FTCA claim where plaintiff diligently and vigorously pursued her claim). The undisputed facts here are that Plaintiff, in admitting the July 14, 2016, certified mailing date of the USPS claim denial decision, failed to file suit against the United States within six months from that mailing date and none of the equitable tolling exceptions apply here.

First, there lacks evidence showing the USPS, in its administrative adjudication process, mislead Plaintiff as to the six-month limitations period. Indeed, the USPS letters, with relevant citations to legal authorities, set out the process for resolving and requesting reconsideration of a denied claim and the deadline for filing suit. *See* Coffey Decl. ¶¶ 4-5, Exs. B-C, ECF No. 12-3. Second, Plaintiff, in asserting her rights, filed her claim with the appropriate federal agency. Finally, there lacks the extraordinary circumstance to show Plaintiff was prohibited from declaring her rights. The claim form lists both Plaintiff and "Freeman + Bass Counsellors at Law" as claimant and claimant's representative. *Id.* at ¶ 3, Ex. A. Yet, Plaintiff contends USPS' claim denial letter sent via certified mail, dated July 14, 2016, was addressed to a "semi-retired" attorney at the office and that counsel was out of town when the letter arrived. Reliance on these facts provides no support to pause the statute of limitations because the July 14th claim decision, as noted on the submitted claim form, was also addressed to the "Freeman and Bass" law firm. *See id.* Exs. A, C-D. Also, this is not a case where counsel missed a filing deadline by a few days or weeks. What happened here was counsel admitted as an undisputed fact the July 14, 2016, USPS mailing date on Plaintiff's claim and then filed suit on March 20, 2017, more than eight months after receipt of USPS' claim denial decision and two months past the six-month statute of limitations that barred the claim.

Whether "attorney error, miscalculation, inadequate research, or other mistake[]," the facts here show a lack of attorney due diligence with no evidence of diligent client inquiry upon her lawyer. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *see also Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 237 (3d Cir. 1999). With no dispute as to the mailing dates of USPS correspondence and its claim decision and Plaintiff having filed suit more than six months after receiving a final agency decision, there is no genuine dispute of material facts. And unlike the *Kwai Fun Wong* plaintiff whose extraordinary circumstances in exercising due diligence justified equitable tolling, the facts present "'a garden-variety claim of excusable neglect.'" *Santos*, 559 F.3d at 205

(quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990) (footnotes omitted)); *Kwai Fun Wong*, 135 S. Ct. at 1630. Thus, Plaintiff's FTCA claim must be dismissed as untimely.

## IV.    CONCLUSION

For the foregoing reasons, the United States' motion for substitution is **GRANTED** and its motion for summary judgment is also **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                             */s/ William J. Martini*
                             **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 24, 2017**